LORENZO CLAY *vs.* OLIVER MOULTON.

Kennebec. Opinion November 3, 1879.

*Judgment. Bill of costs. Lien. Professional services.*

A judgment recovered, including the bill of costs, is the property of the party recovering it, though subject to the lien of the attorney for costs.

The attorney is entitled to a just and fair compensation for services rendered, and it matters little whether the charge for services be a specific sum equivalent to the taxable bill of costs, less the witness fees, or the bill of costs specifically named.

ON EXCEPTIONS, from the superior court of Kennebec county.

ASSUMPSIT, on account annexed for professional services. Writ dated March 7, 1879. Plea the general issue.

The case was sent to a referee to be decided upon legal principles and on return of his report to the superior court, the defendant filed written objections thereto and against its acceptance, as follows:

I. "That in an attorney's bill against his client a bill of costs as such, recovered against the adverse party in a suit at law is not a proper subject of charge."

II. "The referee has submitted in his report only the amount decided by him to be due the plaintiff on the assumption that his ruling on said principle of law was correct, whereas the report should have been in the alternative, or in some manner should have presented to the court the sum found by him to be due the plaintiff, in case his said ruling should be erroneous." The report substantially is as follows: "To the objections of the defendant,

that in an attorney's bill against his client a bill of costs as such, recovered against the adverse party to a suit at law is not a proper subject of charge. I overrule that point, and decide . . that the taxable items in a bill of costs, aside from witness fees, may be charged and may be allowed and reckoned in determining the reasonable and proper compensation to be . . recovered of his client ; and to the second point made by defendant's counsel 'that an attorney having collected a bill of costs against the adverse party is bound to account for the same to his client, exclusive of his disbursements in settlement,' I decide . . that an attorney is bound to account for and allow his client for all sums collected as costs of the adverse party, and make my award upon that principle, and . . I find the balance due plaintiff as a fair and reasonable compensation for the services rendered, after deducting credits and payments made, the sum of two hundred and fifty dollars and fifty-one cents," etc.

The report was accepted and the defendant alleged exceptions.

*L. Clay*, for the plaintiff.

*A. L. Perry*, for the defendant, cited R. S., 1871, c. 84, § 27. *Bodfish* v. *Fox*, 23 Maine, 90. *Stratton* v. *Hussey*, 62 Maine, 286.

APPLETON, C. J. This is an action on an account for professional services. The cause was referred to be decided on legal principles. A report was offered and the cause was recommitted, so that it has been twice under the consideration of the referee.

The presiding justice accepted the award of the referee, to which ruling exceptions have been filed.

The referee ruled that the taxable items in a bill of costs aside from witness fees, may be charged and allowed and reckoned in determining the reasonable compensation which an attorney is entitled to recover from his client. It is to this ruling of the referee that exception is taken.

The bill of cost primarily belongs to the successful party. It is included in his judgment. It is not the attorney's though he has a lien upon it. But the attorney is entitled to a just and fair compensation for services rendered. It matters little whether the

charge be a specific sum equivalent to the taxable bill of costs, less the witness fees, or the bill of costs specifically named. In either event, it represents the charge for services rendered. It means nothing else. The result is the same whether the charge be for the bill of cost as expressing the amount of services rendered or for such sum as the aggregate charge in the cause. The reasonableness of the claim is to be determined by the tribunal to whose judgment the case is submitted.

But even if the ruling of the referee as an abstract question of law was erroneous, there is nothing to show the defendant was thereby prejudiced by an allowance of the items to which objection is taken. The plaintiff in his writ claims to recover for a balance of $314.82. What the items constituting the debit were no where appears in any of the papers before us. The referee found the sum of $251.51 to be due the plaintiff "as a fair reasonable compensation for the services rendered, after deducting the credits and payments made." The defendant has no cause of complaint when compelled to pay only "a fair and just compensation for the services rendered."

*Exceptions overruled.*

BARROWS, DANFORTH, PETERS, LIBBEY and SYMONDS, JJ., concurred.